MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
GENEVA COLLINS, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| ARLO NOMAD, LLC (D/B/A ARLO NOMAD), AYYA HOTEL, LLC (D/B/A ARLO NOMAD) HELIX 31 ASSOCIATES, LLC (D/B/A ARLO NOMAD), QUADRUM HOSPITALITY GROUP, LLC, NELSON CORDELL, JAVIER EGIPACIO, MICHAEL DOE, AND AZIZ BACHAOUCH | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Geneva Collins ("Plaintiff Collins" or "Ms. Collins"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Arlo NoMad, LLC (D/B/A Arlo NoMad), Ayya Hotel, LLC (D/B/A Arlo NoMad), Helix 31 Associates, LLC (D/B/A Arlo NoMad), Quadrum Hospitality Group, LLC  ("Defendant Corporations") Nelson Cordell, Javier Egipacio, Michael Doe, and Aziz Bachaouch ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Collins is a former employee of Arlo NoMad, LLC (D/B/A Arlo NoMad), Ayya

Hotel, LLC (D/B/A Arlo NoMad), Helix 31 Associates, LLC (D/B/A Arlo NoMad), Quadrum Hospitality Group, LLC  ("Defendant Corporations") Nelson Cordell, Javier Egipacio, Michael Doe, and Aziz Bachaouch.

2.   Defendants own, operate, or control a hotel, located at 11 E 31 St, New York, NY 10016 under the name "Arlo NoMad".

3.   Upon information and belief, individual Defendants Arlo NoMad, LLC (D/B/A Arlo NoMad), Ayya Hotel, LLC (D/B/A Arlo NoMad), Helix 31 Associates, LLC (D/B/A Arlo NoMad), Quadrum Hospitality Group, LLC  ("Defendant Corporations") Nelson Cordell, Javier Egipacio, Michael Doe, and Aziz Bachaouch serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the hotel as a joint or unified enterprise.

4.   Plaintiff Collins was employed as an overnight lobby host, coffee preparer, and pizza server at the hotel located at 11 E 31St, New York, NY 10016.

5.   At all times relevant to this Complaint, Plaintiff Collins worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that she worked.

6.   Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Collins appropriately for hours worked, either at the straight rate of pay or for any additional overtime premium.

7.   Defendants' conduct extended beyond Plaintiff Collins to all other similarly situated employees.

8.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Collins and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.   Plaintiff Collins now brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiffs now seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Collins's state law claims under 28 U.S.C. § 1367(a).

12.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a hotel located in this district. Further, Plaintiff Collins was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Geneva Collins ("Plaintiff Collins" or "Ms. Collins") is an adult individual residing in Kings County, New York.

14. Plaintiff Collins was employed by Defendants at "Arlo NoMad" from approximately May

2018 until on or about September 5, 2020.

15. Plaintiff Collins consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a hotel, located at 11 E 31St, New York, NY 10016 under the name "Arlo NoMad".

17. Upon information and belief, Arlo NoMad, LLC (D/B/A Arlo NoMad) is a foreign corporation organized and existing under the laws of Delaware. Upon information and belief, it maintains its principal place of business at 28 Liberty Street, New York, NY 10005.

18. Upon information and belief, Ayya Hotel, LLC (D/B/A Arlo NoMad), is a foreign corporation organized and existing under the laws of Delaware. Upon information and belief, it maintains its principal place of business at 28 Liberty Street, New York, NY 10005.

19. Upon information and belief, Helix 31 Associates, LLC (D/B/A Arlo NoMad), is a foreign corporation organized and existing under the laws of Delaware. Upon information and belief, it maintains its principal place of business at 28 Liberty Street, New York, NY 10005.

20. Upon information and belief, Quadrum Hospitality Group, LLC is a foreign corporation organized and existing under the laws of Delaware. Upon information and belief, it maintains its principal place of business at 28 Liberty Street, New York, NY 10005.

21. Defendant Nelson Cordell is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nelson Cordell is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Nelson Cordell possesses operational control over Defendant Corporation, an ownership interest

in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Collins, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Javier Egipacio is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Javier Egipacio is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Javier Egipacio possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Collins, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Michael Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Collins, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant Aziz Bachaouch is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Aziz Bachaouch is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant

Aziz Bachaouch possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Collins, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

*Factual Allegations*

*Defendants Constitute Joint Employers*

25. Defendants operate a hotel located in New York City.

26. Individual Defendants, Nelson Cordell, Javier Egipacio, Michael Doe, and Aziz Bachaouch possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28. Each Defendant possessed substantial control over Plaintiff Collins's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Collins, and all similarly situated individuals, referred to herein.

29. Defendants jointly employed Plaintiff Collins (and all similarly situated employees) and are Plaintiff Collins's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiff Collins and/or similarly situated individuals.

31. Upon information and belief, Individual Defendants Nelson Cordell, Javier Egipacio,

Michael Doe, and Aziz Bachaouch operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

  i. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

  ii. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  iii. transferring assets and debts freely as between all Defendants,

  iv. operating Defendant Corporation for their own benefit as the sole or majority shareholders,

  v. operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

  vi. intermingling assets and debts of their own with Defendant Corporation,

  vii. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

  viii. Other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were Plaintiff Collins's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Collins, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Collins's services.

33. In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that

are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the hotel on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35. Plaintiff Collins is a former employee of Defendants who was employed as an overnight lobby host, coffee preparer, and pizza server.

36. Plaintiff Collins seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Geneva Collins*

37. Plaintiff Collins was employed by Defendants from approximately May 2018 until on or about September 5, 2020.

38. Defendants employed Plaintiff Collins as an overnight lobby host, coffee preparer, and pizza server.

39. Plaintiff Collins regularly handled goods in interstate commerce, such as hotel products and other supplies produced outside the State of New York.

40. Plaintiff Collins's work duties required neither discretion nor independent judgment.

41. Throughout her employment with Defendants, Plaintiff Collins regularly worked in excess of 40 hours per week.

42. From approximately May 2018 until on or about March 2020, Plaintiff Collins worked from approximately 11:00 p.m. until on or about 7:30 a.m., 5 days a week (typically 42.5 hours per week).

43. From approximately March 2020 until on or about April 27, 2020, Plaintiff Collins

worked from approximately 10:00 p.m. until on or about 6:00 a.m., 5 days a week (typically 40 hours per week).

44. From approximately June 10, 2020 until on or about September 5, 2020, Plaintiff Collins worked from approximately 11:00 p.m. until on or about 7:30 a.m., 5 days a week (typically 42.5 hours per week).

45. From approximately May 2018 until on or about September 2020, Defendants paid Plaintiff Collins her wages by direct deposit.

46. From approximately May 2018 until on or about December 2018, Defendants paid Plaintiff Collins $23.00 per hour.

47. From approximately January 2019 until on or about September 2020, Defendants paid Plaintiff Collins $24.00 per hour.

48. From approximately May 2018 until on or about September 2020, Defendants required Plaintiff Collins to keep track of time using an identification number.

49. The time tracking machine was often out of operation.

50. As a result, Plaintiff Collins was not compensated for all of the hours that she worked.

51. Additionally, as a result, she was not compensated for overtime hours that were not properly recorded.

52. Defendants never granted Plaintiff Collins any breaks or meal periods of any kind during the period of March 2020 to September 2020.

53. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Collins regarding overtime and wages under the FLSA and NYLL.

54. From approximately May 2018 until on or about September 2020, Defendants did not provide Plaintiff Collins an accurate statement of wages, as required by NYLL 195(3).

55. Defendants did not give any notice to Plaintiff Collins, in English (Plaintiff Collins's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56. Defendants required Plaintiff Collins to purchase "tools of the trade" with her own funds—including a uniform.

*Defendants' General Employment Practices*

57. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Collins (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate overtime compensation as required by federal and state laws.

58. Plaintiff Collins was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, inter alia, not paying her the wages she was owed for the hours she worked.

59. Defendants' time keeping system did not reflect the actual hours that Plaintiff Collins worked.

60. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the NYLL by failing to maintain and pay Plaintiff's payroll on a weekly basis.

62. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Collins (and similarly situated individuals) worked, and to avoid paying Plaintiff Collins properly for her full hours worked.

64. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

65. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Collins and other similarly situated former workers.

66. Defendants failed to provide Plaintiff  Collins and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

67. Defendants failed to provide Plaintiff Collins and other employees, at the time of hiring a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number

of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

68.  Plaintiff Collins brings her FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case

69. At all relevant times, Plaintiff Collins and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

70. The claims of Plaintiff Collins stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### *Violation of the Overtime Provisions of the FLSA*

71. Plaintiff Collins repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Collins's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Collins (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an

industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

75. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Collins (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76. Defendants' failure to pay Plaintiff Collins (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Collins (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

*Violation of the Overtime Provisions*

*of the New York State Labor Law*

78.  Plaintiff Collins repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Collins overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80. Defendants' failure to pay Plaintiff Collins overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

81. Plaintiff Collins was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

*VIOLATION OF THE NOTICE AND RECORDKEEPING*

*REQUIREMENTS OF THE NEW YORK LABOR LAW*

82.  Plaintiff Collins repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants failed to provide Plaintiff Collins with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

84. Defendants are liable to Plaintiff Collins in the amount of $5,000, together with costs and attorneys' fees.

**<u>FOURTH CAUSE OF ACTION</u>**

*VIOLATION OF THE WAGE STATEMENT PROVISIONS*

*OF THE NEW YORK LABOR LAW*

85.  Plaintiff Collins repeats and realleges all paragraphs above as though fully set forth herein.

86. With each payment of wages, Defendants failed to provide Plaintiff Collins with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87. Defendants are liable to Plaintiff Collins in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### *RECOVERY OF EQUIPMENT COSTS*

88.  Plaintiff Collins repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants required Plaintiff Collins to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

90. Plaintiff Collins was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

65.     Plaintiff Collins repeats and realleges all paragraphs above as though fully set forth herein.

66.     New York City Admin. Code § 8-107(1)(e) provides that it shall be an unlawful discriminatory practice "for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter. . ."

67.     The Defendants are "employers" and "agents" within the meaning of the NYLL.

68.     Plaintiff Collins engaged in protected conduct by bringing a complaint regarding

safety conditions at the hotel.

69.     Plaintiff Collins reported and complained of an incident involving a guest on or about August 3, 2020 where a guest was performing illegal activities in the hotel,

70.     Plaintiff Collins raised issues relating to safety from unruly guests at the hotel.

71.     Plaintiff Collins revealed that her private health information was revealed by hotel staff to a guest of the hotel.

72.     Defendants terminated Plaintiff Collins' employment and otherwise discriminated against her as a result of her report and complaint.

73.     Plaintiff Collins has been damaged in an amount to be determined at trial.

74.     Defendant's action described above directly and proximately has caused, and continues to cause, Plaintiff Collins to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, emotional distress, anguish, pain and suffering.

75.     Defendants violated the New York City Human Rights Law by retaliating against Plaintiff Collins for having opposed unsafe working conditions and sexual discrimination through her internal complaints.

76.     Plaintiff Collins has been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

77.     Plaintiff Collins repeats and realleges all paragraphs above as though fully set forth herein.

78.     New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice "[f]or any person engaged in any activity to which this section applies to

retaliate or discriminate against any person because he has opposed any practices under this article…"

79.    The Defendants are "employers" and "agents" within the meaning of the NYLL.

80.    Plaintiff Collins engaged in protected conduct by bringing a complaint regarding safety conditions at the hotel.

81.    Plaintiff Collins reported and complained of an incident involving a guest on or about August 3, 2020 where a guest was performing illegal activities in the hotel,

82.    Plaintiff Collins raised issues relating to safety from unruly guests at the hotel.

83.    Plaintiff Collins revealed that her private health information was revealed by hotel staff to a guest of the hotel.

84.    Defendants terminated Plaintiff Collins' employment and otherwise discriminated against her as a result of her report and complaint.

85.    Plaintiff Collins has been damaged in an amount to be determined at trial.

86.    Defendant's action described above directly and proximately has caused, and continues to cause, Plaintiff Collins to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, emotional distress, anguish, pain and suffering.

87.    Defendants violated the New York State Human Rights Law by retaliating against Plaintiff Collins for having opposed unsafe working conditions and sexual discrimination through her internal complaints.

88.    Plaintiff Collins has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Collins respectfully requests that this Court enter judgment against Defendants by:

i.   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

ii.   Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Collins and the FLSA Class members;

iii.   Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Collins's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

iv.   Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Collins and the FLSA Class members;

v.   Awarding Plaintiff Collins and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

vi.   Awarding Plaintiff Collins and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

vii.   Declaring that Defendants violated the overtime wage provisions of, and rules and orders

promulgated under, the NYLL as to Plaintiff Collins;

viii.   Declaring that Defendants violated the notice and recordkeeping requirements of the

NYLL with respect to Plaintiff Collins's compensation, hours, wages and any deductions

or credits taken against wages;

ix.   Declaring that Defendants' violations of the provisions of the NYLL were willful as to

Plaintiff Collins;

x.   Awarding Plaintiff Collins damages for the amount of unpaid overtime compensation,

and for any improper deductions or credits taken against wages as applicable

xi.   Awarding Plaintiff Collins damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

xii.   Awarding Plaintiff Collins liquidated damages in an amount equal to one hundred percent

(100%) of the total amount of overtime compensation shown to be owed pursuant to

NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

xiii.   Awarding Plaintiff Collins and the FLSA Class members pre-judgment and post-

judgment interest as applicable;

xiv.   Awarding Plaintiff Collins and the FLSA Class members the expenses incurred in this

action, including costs and attorneys' fees;

xv.   Awarding Plaintiff Collins damages for Defendants' violation of the NYCHRL and

NYSHRL.

xvi.   Providing that if any amounts remain unpaid upon the expiration of ninety days following

issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

xvii.    All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

 Plaintiff Collins demands a trial by jury on all issues triable by a jury.

Dated:      New York, New York

December 22, 2020

                              Michael Faillace & Associates, p.c.

                              By:      /s/ Michael Faillace

                                       Michael Faillace [MF-8436]
                                       60 East 42nd Street, Suite 4510
                                       New York, New York 10165
                                       Telephone: (212) 317-1200
                                       Facsimile: (212) 317-1620
                                       Attorneys for Plaintiff.

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620
_____

November 19, 2020

BY HAND

TO:      Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                          Geneva D Collins

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          November 25, 2020

*Certified as a minority-owned business in the State of New York*